**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DERRICK ALLEN, SR.,<br><br>          *Plaintiff*,<br><br>     v.<br><br>STATE OF NORTH CAROLINA, *et al.*,<br><br>          *Defendants*. | Civil Action No. 1:24-cv-03301 (CJN) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff Derrick Allen Sr.'s *pro se* complaint, ECF 1 ("Compl."), and application for leave to proceed *in forma pauperis*, ECF 2. The Court grants the IFP application and, for the reasons expressed below, dismisses this matter without prejudice.

At the outset, the Court notes that Allen fails to plead his current address.  *See* Compl. at 1.  While the Court is certainly understanding of Allen's apparently being homeless at this time, the Local Rules nonetheless require a *pro se* plaintiff like Allen to provide both his full residence address and telephone number in the caption of his first filing or risk dismissal.  *See* D.C. LCvR 5.1(c)(1).  Without this information, the Court cannot keep Allen fully apprised regarding his case.

Turning to Allen's claims, he has sued the State of North Carolina, its Governor, the North Carolina Department of Motor Vehicles, and the North Carolina Department of Transportation. *See* Compl. at 2, 4.  He alleges that Defendants unfairly and indefinitely suspended his North Carolina-issued driver's license, as purported retaliation for a lawsuit that he filed in 2022 against the North Carolina Department of Motor Vehicles.  *See id*. at 4; ECF 1-1 ("Compl. Ex. A").  He

1

seeks reinstatement of his license and demands to "be compensated in the amount of $372,000 or $512 billion." *See* Compl. at 4.

At the outset, the Court must ensure that it has jurisdiction. *See Nat'l Mining Ass'n v. Kempthorne*, 512 F.3d 702, 706 (D.C. Cir. 2008). Federal jurisdiction exists only when a case presents a "federal question" or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331–32. A plaintiff must at least plead facts that bring the suit within the Court's jurisdiction, *see* Fed. R. Civ. P. 8(a), and failure to do so warrants dismissal, *see* Fed. R. Civ. P. 12(h)(3).

Allen has failed to plead a federal question. *See* 28 U.S.C. § 1331. He challenges the suspension of his state driver's license, which is "a quintessential state law question." *Beasley v. Dep't of Child Support Enforcement*, No. 24-cv-03049, 2024 WL 4836409, at *1 (D.D.C. Nov. 19, 2024); *see also Weeks v. Corzine*, No. 08-cv-1705, 2008 WL 4482236, at *1 (D.D.C. Oct. 7, 2008) ("Here, however, the complaint centers on the plaintiff's lack of a driver's license due to decisions made by state officials in New Jersey and Florida. This matter is not one that arises under the Constitution, laws or treaties of the United States."), *appeal dismissed*, No. 09-7014, 2009 WL 3713616 (D.C. Cir. Aug. 18, 2009) (per curiam). Plaintiff's avenue for relief falls within the North Carolina Code, where he may attempt to wage an appeal with the appropriate local court. *See* N.C.G.S. 20-25 (Right of appeal to court).

The Court notes that, in passing, Plaintiff references his race, *see* Compl. at 4, and he also cites to the Eighth and Fourteenth Amendments, *see id.* at 3, but he does not explain their relevance to his claims whatsoever. *See Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990) (finding that a plaintiff cannot "merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)

("bare assertions" of "constitutional discrimination claim" are "not entitled to be assumed true"). Put differently, "[e]vents may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis" of a claim to violation of a fundamental right. *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Allen has also failed to plead diversity of citizenship. *See* 28 U.S.C. § 1331. It is a "well-established rule that diversity of citizenship is assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Therefore, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an "allegation of *residence* alone is insufficient to establish the *citizenship* necessary for diversity jurisdiction," *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (citations and internal quotation marks omitted). Further, a plaintiff "bears the burden of establishing [that] the amount in controversy" meets the jurisdiction amount. *Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993).

As noted above, Allen did not provide his address in his complaint. *See* Compl. at 1. Though there are some suggestions in his filings that he may currently dwell in the District of Columbia, in other places it appears that he may be a citizen of North Carolina. *See generally id.*; Compl. Ex. A. Therefore, the Court is skeptical that Allen has sufficiently pleaded that there is complete diversity. In any event, he has failed to meet the amount-in-controversy requirement. Allen claims that his driving privileges were suspended, but he does not allege any facts showing that he suffered damages as a result of the suspension. *See* Compl. at 4; *Bronner on Behalf of Am. Stud. Ass'n v. Duggan*, 962 F.3d 596, 610 (D.C. Cir. 2020) (explaining that while "a plaintiff need not provide an exact valuation or detailed breakdown of damages at the outset of litigation,"

3

an "unsupported claim" will not suffice in establishing amount in controversy).  Although he

requests "compensate[ion] in the amount of $372,000 and/or $512 Billion," Compl. at 4, it

"appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount,"

*Rosenboro*, 994 F.2d at 16 (emphasis omitted) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).[1]

For all of these reasons, this case is dismissed without prejudice.  *See* Fed. R. Civ. P. 12(h)(3).  A separate order accompanies this Opinion.

DATE:  June 22, 2026

CARL J. NICHOLS
United States District Judge

---

[1] Furthermore, this matter presents no connection to the District of Columbia.  Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred (or in which a substantial part of the property that is the subject of the action is situated), or (3) a district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b); *see also id.* § 1406(a) (providing for dismissal or transfer for improper venue).  All of the Defendants are located in North Carolina, and all of the alleged acts and omissions giving rise to this case also occurred there.